IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREL J. DEMICCO,

    Plaintiff,

vs.                                                No. 1:22-cv-00397-WJ-KRS

U.S. BANK HOME MORTGAGE,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) on the Defendant's Motion to Dismiss (Doc. 5). The Court will grant the Motion and dismiss Plaintiff's Civil Complaint (Doc. 1-1) for failure to state a claim on which relief can be granted. The Court will also grant Plaintiff leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

Plaintiff filed her Civil Complaint in New Mexico state court on April 5, 2022. (Doc. 1-1). The case was properly removed to this Court by Defendant on May 26, 2022, based on the existence of diversity jurisdiction. (Doc. 1).[1] Defendant then filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on June 6, 2022. (Doc. 5). Defendant claims that the factual allegations of the Civil Complaint are insufficient to state any plausible claim for relief. (Doc. 5). Plaintiff has not responded to the Motion to Dismiss.

Plaintiff DeMicco is proceeding pro se. The Court may dismiss a pro se complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] The Notice of Removal (Doc. 1) establishes that there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(b).

1

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Conclusory allegations of liability, without supporting factual content, are insufficient. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the

pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110. It is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d at 1249-50 (emphasis in the original). Generalized conclusory statements, without plausible supporting factual allegations, do not state any claim for relief. *Robbins,* 519 F.3d at 1249-50.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d at 901.

In their entirety, the allegations in Plaintiff's Civil Complaint regarding her claim are as follows:

> "1. Plaintiff resides, or may be found, or the cause of action arose in this county.
> 2. Plaintiff claims from Defendant in the amount of $268,000.00 and also claims interest and court costs.
> 3. Plaintiff's claim arises from the following event or transaction: Breach of verbal contract and written contract(s)."

(Doc. 1-1 at 1).

Because this is a diversity of citizenship case, this Court must apply New Mexico law. *Coll v. First Am. Title Ins. Co.,* 642 F.3d 876, 886 (10th Cir. 2011); *Federated Serv. Ins. Co. v. Martinez*, 529 F. App'x 954, 957 (10th Cir. 2013). To prevail on a breach of contract claim under New Mexico law, Plaintiff is required to plead and prove a valid contract, breach of the contract,

causation of harm by the breach, and damages resulting from the breach. *See Constr. Contracting & Mgmt., Inc. v. McConnell,* 1991–NMSC–066, ¶ 10, 112 N.M. 371, 815 P.2d 1161; *Abreu v. N.M. Children, Youth & Families Dep't*, 797 F.Supp.2d 1199, 1247 (D.N.M. 2011).

Plaintiff's Civil Complaint is devoid of any factual allegations tending to show the existence of a valid contract, breach of the contract, causation, or damages. Plaintiff's generalized, conclusory statement of "[b]reach of a verbal contract and written contract(s)" is wholly insufficient to state any plausible claim for relief and fails to give Defendant fair notice of any claim against it. *Ashcroft v. Iqbal*, 556 U.S. at 678*; Robbins v. Oklahoma,* 519 F.3d at 1249-50. Therefore, the Court will grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 5).

The Court, however, will allow Plaintiff a reasonable opportunity to remedy the defects in her pleading. *Reynoldson v. Shillinger,* 907 F.2d at 126; *Hall v. Bellmon,* 935 F.2d at 1109. The Court will grant Plaintiff leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order. If Plaintiff does not file an amended complaint within 30 days that complies with the requirements of this Memorandum Opinion and Order, the Court may dismiss this case with prejudice and without further notice.

IT IS ORDERED:

(1) Defendant U.S. Bank Home Mortgage's Motion to Dismiss (Doc. 5) is GRANTED;

(2) Plaintiff Laurel J. DeMicco's Civil Complaint (Doc. 1-1) is DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted; and

causation of harm by the breach, and damages resulting from the breach. *See Constr. Contracting & Mgmt., Inc. v. McConnell,* 1991–NMSC–066, ¶ 10, 112 N.M. 371, 815 P.2d 1161; *Abreu v. N.M. Children, Youth & Families Dep't*, 797 F.Supp.2d 1199, 1247 (D.N.M. 2011).

Plaintiff's Civil Complaint is devoid of any factual allegations tending to show the existence of a valid contract, breach of the contract, causation, or damages. Plaintiff's generalized, conclusory statement of "[b]reach of a verbal contract and written contract(s)" is wholly insufficient to state any plausible claim for relief and fails to give Defendant fair notice of any claim against it. *Ashcroft v. Iqbal*, 556 U.S. at 678*; Robbins v. Oklahoma,* 519 F.3d at 1249-50. Therefore, the Court will grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 5).

The Court, however, will allow Plaintiff a reasonable opportunity to remedy the defects in her pleading. *Reynoldson v. Shillinger,* 907 F.2d at 126; *Hall v. Bellmon,* 935 F.2d at 1109. The Court will grant Plaintiff leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order. If Plaintiff does not file an amended complaint within 30 days that complies with the requirements of this Memorandum Opinion and Order, the Court may dismiss this case with prejudice and without further notice.

IT IS ORDERED:

(1) Defendant U.S. Bank Home Mortgage's Motion to Dismiss (Doc. 5) is GRANTED;

(2) Plaintiff Laurel J. DeMicco's Civil Complaint (Doc. 1-1) is DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted; and

(3) Plaintiff Laurel J. DeMicco is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE